IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RORY DARNELL TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-242-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS, IN PART,
AND DENY, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. Petitioner is currently incarcerated at the Neal Unit pursuant to two convictions, one for the offense of possession of a controlled substance with intent to deliver and the resultant 40-year sentence and the second for evading arrest/detention, enhanced, and the resultant 20-year sentence. Both convictions are out of the 2nd Criminal District Court of Dallas County, Texas. *See State v. Taylor*, Nos. F-1251511-I and F-1251510-I. [ECF 11 at 3; 11-1 at 2]. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On July 12, 2016, in disciplinary case number 20160337115, petitioner was charged with the offense of refusing to work, a Level 2, Code 25.0 violation of the TDCJ-CID *Disciplinary*

*Rules and Procedures for Offenders.* [ECF 13-2 at 4-5]. Specifically, it was alleged that on July 3, 2016 petitioner, "Refused or failed to turn out for his work assignment without a legitimate reason." *Id.* Upon his notification on July 12, 2016, petitioner was notified of his rights to call and question witnesses (including the charging officer), present documentary evidence, and be represented by counsel substitute. *Id.* at 12. Petitioner indicated he wished to attend the disciplinary hearing and petitioner requested counsel substitute. *Id.*

A Disciplinary Hearing Officer (DHO) conducted petitioner's disciplinary hearing on July 15, 2016. [ECF 13-2 at 4]. The DHO found petitioner guilty of the charged offense based on the officer's report, documentary evidence and the officer's testimony, as well as witness testimony, and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time credit.[1] *Id.*

Petitioner filed a Step 1 Grievance arguing:

1. Witness testimony from Officer Childress exonerated him;

2. TDCJ medical staff did not notify him his medical restriction had been lifted; and

3. That he was not assigned to work in the food service department on July 3, 2016.

[ECF 13-1 at 3]. On August 2, 2016, relief was denied at Step 1 with the following response:

> Major Disciplinary Report #20160337115 and all related investigative documentation has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within Agency guidelines. Furthermore, your work restrictions were changed 06-22-2016, therefore, you should have been turning out for work. Also Sergeant Childress did check to see if you had a no Food

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Service Restriction and it was not there. No further action is warranted in this matter.

[ECF 13-1 at 4]. Petitioner filed a Step 2 Grievance arguing:

1. He was not properly trained and actually work assigned until July 16, 2016;

2. He did not get his work assignment until July 16, 2016; and

3. All Food Service documentation shows he signed his safety training paperwork and for his work assignment on July 16, 2016 so the Warden was incorrect in stating all investigative documentation had been reviewed.

*Id*. at 5-6. On August 22, 2016, relief was denied at Step 2 with findings that there was sufficient evidence to sustain the charge and the finding of guilt, that the hearing was conducted per policy with no due process or procedural errors being noted, and that the punishment assessed was within agency guidelines. *Id*. at 6.

Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. He was denied effective assistance of counsel substitute (CS) because the CS failed to:

   a. Read the written allegation;
   b. Obtain a complete statement from him;
   c. Failed to challenge the charging officer's allegations; and

_____

[2]The Texas Court of Criminal Appeals has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

      d.   Failed to obtain exculpatory evidence.[3]

2.      The grievance investigator failed to verify petitioner's defense in his Step 1 Grievance that he did not have a work assignment on July 3, 2016, and then the grievance investigator intentionally overlooked an identical offense for which petitioner was found not guilty as raised in his Step 2 Grievance.

III.

<u>EXHAUSTION AND PROCEDURAL DEFAULT</u>

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). No relief may be granted unless petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion exists. However, petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[4] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only a reference to

---

[3]Petitioner has characterized his claim as a 14th Amendment violation of his "equal protection of Due Process" rights. [ECF 3 at 6]. The Court interprets this claim to be one of ineffective assistance of counsel substitute.

[4]Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.    *Ex parte Palomo*, 759 S.W.2d 671 (Tex. Crim. App. 1988).

a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 2081 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Although petitioner challenged this disciplinary case through the prison grievance process, petitioner did not challenge the case on the grounds that his CS was ineffective for any reason (Ground 1). As a result, the merits of these claims were never administratively reviewed and petitioner's administrative remedies were not exhausted. Any attempt to now exhaust these claims through the prison grievance system would be untimely.   Consequently, petitioner is procedurally barred from presenting his Ground 1 in this federal habeas proceeding and such ground should be DISMISSED.[1]

IV.
STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain

---

[1] Even if this Court were to consider petitioner's unexhausted ground, such claim would be without merit. Claims of violations of purely state law and/or state prison administration directives do not rise to the level of a federal constitutional violation for purposes of federal habeas corpus relief. A prison inmate has no constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315.

minimal due process provisions that must be satisfied. Those are:

(1) advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Wolff*, 418 U.S. at 563-566.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious.    *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

In the instant case, petitioner was notified of the charge against him on July 12, 2016 at 11:45 a.m., well in advance of the hearing held July 15, 2016 at 3:20 p.m.; he was given an opportunity to present evidence call witnesses, and in fact called Sergeant Childress as discussed *supra*, and the DHO provided a written explanation of the evidence relied on and reasons for disciplinary action taken. [ECF 13-2 at 4]. The *Wolff* requirements have been met in this case.

## V.
### MERITS

By his second claim petitioner asserts, "A 1st Amendment violation, the Government failed a redress of Grievances. In Step 1 grievance I stated Food Service Management SGT. Johnson didn't work assignment me until 7-16-16, that I never had a work assignment on 7-16-16 to turn out for but Grievance Investigator Ms. Hardy failed to verify." [ECF 3 at 6]. Petitioner then goes on to explain that in his Step 2 Grievance he provided additional evidence, namely,

that he had previously been found not guilty of this identical offense once the investigator looked into the matter. *Id.* at 8.

Treating petitioner's claim as a sufficiency of the evidence challenge, it is well-settled that federal courts do not review the sufficiency of the evidence at a disciplinary hearing. Sufficient support for a finding of guilty is provided by "some facts" or "any evidence at all." *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986); *see also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981)(courts must see "'whether any evidence at all' supports the action taken by the prison officials").

At the hearing, the DHO admitted evidence, the offense report and testimony from the charging officer, Sergeant King. [ECF 13-2 at 4-6]. Petitioner's statement at the hearing was that he was unaware his medical restriction had been terminated. *Id*. at 5. Petitioner also stated at the hearing, as well as during the investigation of the offense, that he had spoken to Sergeant Childress and showed the officer his medical restriction note, but that the officer told him "not to worry about coming in." *Id*. at 7. Sergeant Childress submitted an Inter-Office Communications form and stated,

> I did speak with offender Taylor, R. 1819630 about his restrictions. In the Inmate Dining Room he showed me a medical restriction paper showing that he had a restriction #15. I did tell him that the restriction would take him out of work in the kitchen. Later when I had the chance to look at the roster it does not show that this offender still has the restriction #15. I do believe that when medical changes an offender's restrictions the offender is notified. This offender should have been well aware of the fact that #15 restriction was taken off by the medical department.

*Id.* at 9. Petitioner called Sergeant Childress as a witness at the hearing, and the officer's testimony was essentially the same as his typed statement. [ECF 14, Disciplinary Hearing CD (DHCD)]. Upon cross-examination by the DHO, petitioner admitted he knew he was on the duty

roster for July 3, 2016, having been told by another inmate. *Id*. While petitioner argues not only that he was unaware his medical restriction had been lifted, but also that Sergeant Childress told him on June 30, 2016 that he did not have to come in, it was still incumbent on petitioner to make certain the July 3, 2016 duty roster reflected that he was released from work. Petitioner did not do this and chose instead not to turn out for his job.

The DHO considered the offense report and witness testimony at the hearing, including that of petitioner. The reports and/or testimony relied upon by the DHO constitute "some evidence," and further support, at least for purposes of federal habeas review, a finding that petitioner engaged in the conduct alleged. The Court finds that the rights set forth in *Wolff* have not been abridged and that there was "some evidence" to support the DHO's decision.

Alternatively, treating petitioner's second claim as a claim that he was denied due process during the disciplinary review process because the grievance investigator failed to adequately investigate his grievances in violation of TDCJ policies, such claim is not cognizable on federal habeas review. Petitioner alleges the investigator failed to verify his defense in his Step 1 Grievance, whether he had a work assignment on July 3, 2016, and failed to acknowledge, in petitioner's Step 2 Grievance, that in a prior, identical disciplinary charge from July 10, 2016, petitioner was found not guilty.

TDCJ's violation of its own internal policies and procedures does not raise constitutional issues necessary to assert a cognizable ground on federal habeas corpus review.    *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986); *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986).

Moreover, even if petitioner had raised a proper habeas claim, it would not succeed. Petitioner fails to identify what evidence the investigator would have found to support his argument that he did not have a work assignment on July 3, 2016. At the hearing there was testimony and evidence to show petitioner was assigned work duty on July 3, 2016; additionally, petitioner himself, upon cross-examination, admitted he was aware he was on the roster for that date. Also, petitioner has not shown how a separate, later disciplinary case, wherein he was found not guilty, for apparently not turning out for a work assignment, had any bearing on the instant case or why the investigator should have reviewed the other case. Petitioner does not offer anything to substantiate or support his allegation. Petitioner's claims are conclusory and without merit, and do not raise a constitutional issue for habeas review.    *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's second ground should be denied.

## VI.
## <u>RECOMMENDATION</u>

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RORY DARNELL TAYLOR be DENIED.

## VII.
## <u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 8, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.    In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.    Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).    **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.    *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."    Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.    A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.    *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).